UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT MALONEY ET AL.                    CIVIL ACTION

VERSUS                                    NO: 22-1167

STARR SURPLUS LINES INSURANCE CO.        SECTION: "H"(1)

## ORDER AND REASONS

Before the Court are Defendant Starr Surplus Lines Insurance Co.'s Motion to Dismiss (Doc. 7) and Motion to Strike Plaintiffs' Exhibits in Opposition to its Motion to Dismiss (Doc. 13). For the following reasons, the Motions are **GRANTED**.

## BACKGROUND

This matter arises out of an insurance claim for property damage caused by Hurricane Ida. Plaintiffs are Robert Jr., Julie, and Kurt Maloney—three of four partial owners of property located at 1116 Magnolia Street, New Orleans, Louisiana ("the Property"). The Property is insured by a policy issued by

1

Defendant Starr Surplus Lines Insurance Company ("the Policy"). The Named Insured on the Policy is Jefferson Business Center, LLC.

In their Complaint, Plaintiffs allege that the Property was held in trust by The 1116 Magnolia Trust until that trust terminated on August 25, 2021. Plaintiffs allege that after the trust terminated, they each became partial owners of the Property in indivision. Hurricane Ida made landfall on August 29, 2021, damaging the Property. Plaintiffs bring claims against Defendant for breach of the insurance contract and bad faith.

Defendant has moved for dismissal of the claims against it, arguing that Plaintiffs are not insureds under the Policy and therefore have no standing to bring this suit. Defendant also moves to strike evidence that Plaintiffs submitted in opposition to Defendant's Motion to Dismiss. In opposition, Plaintiffs allege that they have a right to bring this action under the Louisiana Trust Code and that they notified their insurance agent prior to Hurricane Ida that they needed to be added as insureds to the Policy.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[2] *Id.*

all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

## LAW AND ANALYSIS

### A.  Motion to Strike Exhibits

At the outset, Defendant argues that the Court should decline to consider the exhibits produced by Plaintiffs in opposition to Defendant's Motion to Dismiss. To their opposition, Plaintiffs attached a policy change request and email correspondence regarding termination of the trust and their request for changes to the Named Insured under the Policy. This Court agrees with Defendant that this evidence was neither attached to the Complaint nor central to the claims in the Complaint. Plaintiffs' Complaint does not reference any request for changes in the Policy. Accordingly, in deciding Defendant's Motion to Dismiss, this Court considered only the Policy at issue.

---

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

[6] *Lormand*, 565 F.3d at 255–57.

[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

**B. Motion to Dismiss**

Defendant next argues that Plaintiffs' claims under the Policy should be dismissed because they are not insureds. "Under Louisiana law, '[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code.'"[8] "Interpretation of a contract is the determination of the common intent of the parties."[9] "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[10] "Courts lack the authority to alter the terms of insurance contracts under the guise of contractual interpretation when the policy's provisions are couched in unambiguous terms."[11]

Here, it is undisputed that Jefferson Business Center, LLC is the Named Insured listed on the Policy. The 1116 Magnolia Trust is also listed as an "Other Named Insured." However, Plaintiffs' Complaint admits that The 1116 Magnolia Trust terminated prior to the time of the loss. The Policy provides that "Named Insureds or additional Named Insureds can only be added to this Policy by separate written endorsement."[12] Additional Insureds or Loss Payees may also be added to the Policy pursuant to a written contract requiring that addition.[13] The Policy provides that the Named Insured shall make Defendant aware of all persons with interests in the Property within 90 days of a loss and

---

[8] In re Katrina Canal Breaches Litig., 495 F.3d 191, 206 (5th Cir. 2007) (quoting Cadwallader v. Allstate Ins. Co., 848 So. 2d 577, 580 (La. 2003)).

[9] LA. CIV. CODE art. 2045.

[10] *Id.* art. 2046.

[11] *Cadwallader*, 848 So. 2d at 580.

[12] Doc. 7-4 at 106.

[13] Doc. 7-4 at 89.

4

that if the Named Insured fails to do so, Defendant is not liable for that failure or for failing to take such person's interest into account in adjusting the claim. Plaintiffs have not presented any written endorsement or contract adding them as Named Insureds, Additional Insureds, or Loss Payees on the Policy. Accordingly, pursuant to the plain language of the Policy, Plaintiffs are not insureds under the Policy and therefore do not have any right to bring claims for breach thereof.

Plaintiffs argue that Louisiana Revised Statutes § 9:2222 of the Louisiana Trust Code gives them standing to bring this suit. Section 9:2222 provides that:

> A trustee is the proper plaintiff to sue to enforce a right of the trust estate, except that a beneficiary may sue to enforce such a right, in order to protect his own interest, in an action against: . . . (2) An obligor, if there is no trustee or the trustee cannot be subjected to the jurisdiction of the proper court.

Plaintiffs argue that there was no trustee after termination of The 1116 Magnolia Trust, and therefore they had the right to bring this action pursuant to § 9:2222 to protect their interests. In fact, the Louisiana Trust Code provides that a trustee retains "the powers that are necessary to preserve" trust property until it has been delivered to those persons who are entitled to it.[14] Accordingly, to the extent that the trust property had not yet been delivered to Plaintiffs, the trustee of The 1116 Magnolia Trust—not its beneficiaries— would be the proper party to bring a suit regarding the Property. That said, the allegation of Plaintiffs' Complaint that "[t]he Maloneys now own the property in indivision" suggests that the Property had been delivered to

---

[14] LA. REV. STAT. § 9:2069.

Plaintiffs and was therefore no longer property of the trust. Accordingly, § 9:2222 is inapplicable here.

Finally, Plaintiffs argue that even if they do not have a right of action under the Policy, they have a right of action for reformation of the Policy for Defendant's failure to name them as additional insureds. Even so, such a claim was not alleged and therefore does not prevent the granting of Defendant's Motion to Dismiss for failure to state a claim.

## <u>CONCLUSION</u>

For the foregoing reasons, the Motions are **GRANTED**. Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs may amend their Complaint within 14 days of this Order to the extent that they can plausibly state a claim.

**IT IS FURTHER ORDERED** that the deadline within which to opt in to the Hurricane Ida Streamlined Settlement Program shall be extended by 30 days.


New Orleans, Louisiana this 13th day of September, 2022.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

6